IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,141-01






EX PARTE ADAM BRANDON CREWS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22574 IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to fifteen years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Crews v. State, No. 06-09-00080-CR (Tex. App.-Texarkana Dec. 22, 2009, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
object during the guilt stage of trial to the admission of a videotaped interview containing extraneous
offense evidence and comments on the complainant's and Applicant's credibility. Applicant also
contends that counsel failed to object during the punishment stage of trial to questions that sought
to elicit information protected by the attorney-client privilege. On November 18, 2011, the trial court
held a live evidentiary hearing but made no findings of fact and conclusions of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial
court shall determine whether counsel made a legally reasonable decision not to object during the
guilt stage to portions of the videotape containing extraneous offense evidence and comments on the
complainant's and Applicant's credibility, and not to object during the punishment stage when the
State questioned Applicant about his conversations with counsel. The trial court shall also determine
whether this evidence would have been inadmissible had counsel timely objected. The trial court
shall then determine whether counsel's conduct was deficient and Applicant was prejudiced. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2012

Do not publish